PER CURIAM.
 

 Granted. The court of appeal’s ruling is vacated and the trial court’s ruling, finding probable cause to charge defendants, is reinstated. The recent amendment of R.S. 14:402(E)(7), to clarify that cellular teler phone chargers as well as cellular telephones fall under the proscription of “any telecommunications equipment” as contraband in any municipal or parish prison or jail does not, by negative implication, mean that cell phone chargers did not formerly belong in the class of prohibited telecommunications equipment, “including but not limited to cellular phones ...” 2004 La. Acts 602 (adding La. R.S. 14:402(E)(7)). Giving the term “telecommunications equipment” the “fair import of [its] words, taken in their usual sense in connection with the content, and with reference to the purpose of the provision,” La. R.S. 14:3, telecommunications equipment may be fairly said to encompass a device needed to charge a cell phone for continued operation and use, and it makes no difference under La. R.S. 14:402(E)(7) “whether or not such equipment may be intended for use in planning or aiding an escape or attempt to escape from any institution.”
 
 [1]
 

 REVERSED; TRIAL COURT RULING REINSTATED.
 

 [1]
 

 . All parties concede the court of appeal committed legal error when it found that La. R.S. 14:402(E)(7) required evidence to show that the equipment was intended to be used in an escape. La. R.S. 14:402(E)(7) specifically provides otherwise.